# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2013

Lyle W. Cayce
Clerk

No. 12-11179
Summary Calendar

DONALD PAXSON,

Petitioner - Appellant

v.

RODNEY W. CHANDLER, Warden, FCI Fort Worth,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-588

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Donald Paxson, federal prisoner # 82915-180, appeals the district court's denying, on the pleadings, his 28 U.S.C. § 2241 petition. He contends: he is entitled to redress for three years spent in home confinement *prior* to his guilty-plea conviction in 2010 for possession, and receipt, of child pornography, for which he received a sentence, *inter alia*, of 70 months' imprisonment; certain provisions of the amendments to the Bail Reform Act, 18 U.S.C. § 3142(c)(1)(B), violate his Fifth Amendment due-process rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the Eighth Amendment's prohibition against excessive bail; and he did not elect bail intelligently, because the court did not inform him that the time he spent released on bail would not be credited toward any future sentence.

The dismissal of a 28 U.S.C. § 2241 petition on the pleadings is reviewed *de novo*, *e.g.*, *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010), as is the constitutionality of a federal statute, *e.g.*, *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009).

Paxson does not explain how the conditions of his release on bail were overly restrictive in the light of his circumstances.  Therefore, he has not demonstrated that any provision of the amendment to the Bail Reform Act is unconstitutional on its face, or as applied to him, given that protecting children from violent crimes and sexual exploitation is an obvious, legitimate governmental interest. *See Hersh v. United States ex rel. Mukasey*, 553 F.3d 743, 762 & n.23 (5th Cir. 2008) (statute unconstitutionally overbroad "only when this overbreadth is substantial in relation to the statute's legitimate reach"); *see also* 42 U.S.C. § 16901 (noting that Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, was created "to protect the public from sex offenders and offenders against children"); *United States v. Salerno*, 481 U.S. 739, 749 (1987) (preventing crimes by arrestees is a legitimate and compelling governmental interest).  Further, Paxson's conclusionally asserting the conditions of his release on bail violated the Eighth Amendment's prohibition against excessive bail is without merit, because he does not explain how the conditions were greater than necessary in the light of his offense. *See Salerno*, 481 U.S. at 753-55 (pretrial restrictions permissible to protect public).

Paxson was not in "official detention" during his time in home confinement, pursuant to release on bail; thus, he is not entitled to credit towards his sentence. *Reno v. Koray*, 515 U.S. 50, 63-65 (1995); 18 U.S.C. § 3585(b) (defendant entitled to credit for time spent in official custody). Paxson provides no support for his conclusional assertion that he did not elect bail

intelligently because the court did not inform him he would not be receiving credit; the court is not required to provide such an explanation.

AFFIRMED.